UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND C. FAIRFIELD JR.,

        Plaintiff,                          Case No. 2:12-cv-363

v.                                           Honorable Gordon J. Quist

UNKNOWN PARTY #1, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Discussion

    I.    <u>Factual allegations</u>

Plaintiff Raymond C. Fairfield Jr., a state prisoner currently confined to the Ionia Maximum Correctional Facility (ICF), filed this civil rights action pursuant to 42 U.S.C. § 1983. In response to this court's order, Plaintiff filed an amended complaint on the proper form (docket

#11) against MBP (Marquette Branch Prison) Warden, Assistant Resident Unit Supervisor Pokely, Assistant Resident Unit Supervisor Viitala, Dr. Kosha, Brooks Center Supervisor Sandra Shucker, MBP Assistant Deputy Warden Alexander, and Inmate Murphy. Plaintiff also names Nurses Brian Byers, Calvin Walsh, Debbie LaForest, Ed Derosie, Hillery Johnson, Dan Daupais, and Christina Grand. In addition, Plaintiff names 82 individual corrections officers: Unknown Heidtman, Unknown Koval, Unknown Adhair, Unknown Hoti, Unknown Buckner, Unknown Zampeese, Unknown Fhlug, Unknown Kratt, Unknown Johnson, Unknown Larson, Unknown Trauler, Unknown LaRock, Unknown Matthews, Unknown Burnette, Unknown Jones, Unknown Forrest, Unknown Neubecker, Unknown Bowman, Unknown Bolm, Unknown Fleury, Unknown Bolton, Unknown Palkola, Unknown Dalstrom, Unknown Cox, Unknown Neurkala, Unknown Philips, Unknown Leece, Unknown Defoe, Unknown Redlon, Unknown White, Unknown Shultz, Unknown Boyer, Unknown Pancheri, Unknown Anderson, Unknown Slanols, Unknown Cokla, Unknown Iaacson, Unknown Lamarche, Unknown Binkley, Unknown Daniels, Unknown Toma, Unknown LaVallie, Unknown Neveau, Unknown Bertucci, Unknown Anderson, Unknown Brown, Unknown Geraldo, Unknown Junak, Unknown Whittler, Unknown Shaw, Unknown LaForest, Unknown Champion, Unknown Rivord, Unknown Mofatt, Unknown James, Unknown Neimi, Unknown Dauphin, Unknown Haynor, Unknown Whitney, Unknown Kemp, Unknown Dahlstrom, Unknown Terzaghi, Unknown Brair, Sherrette Marcotte, Unknown Hill, Unknown Gooseberry, Unknown Evans, Unknown Cox, Unknown Style, Unknown Limaki, Unknown Violetta, Unknown Cole, Unknown Tasson, Unknown Aho, Unknown Brauman, Unknown Belpideo, Unknown Phinias, Unknown Belfey, Unknown Ruddin, Unknown Graveoni, Unknown Storey and Unknown Tipsword.

In the body of his complaint, Plaintiff states that on August 7, 2011, he was assaulted by inmate Murphy #287367, which resulted in injuries requiring surgery. Plaintiff states that

Defendants Viitala, Pokely, Shucker, Unknown Warden and Alexander covered up the incident and refused to allow Plaintiff to file charges. Plaintiff alleges that he was transferred to ICF on September 7, 2011. Plaintiff further contends that Defendant Kosha refused to give him proper medications for pain after surgery, only giving him "Narco 375 5 mg, Vicodine [sic]" after multiple requests. Plaintiff claims that Defendant Nurses told him that they "don't care," and that Defendant Grand told Plaintiff that they could easily increase his medications due to it being aspirin.

Plaintiff refers to an attachment to his original complaint, which includes copies of medical records and grievance records. A review of this document shows that Plaintiff had surgery for "open reduction internal fixation of right orbital rim malar fracture" on August 8, 2011, following an assault. (Docket #1-1, p. 2 of 46.) The bulk of this document includes kites, complaints and grievances regarding the lack of pain medication that were generated after Plaintiff was transferred to ICF and do not pertain to the Defendants named in Plaintiff's complaint.

Plaintiff appears to be claiming that the named Defendants violated his rights under the Eighth Amendment. Plaintiff seeks to have charges filed against inmate Murphy and to be compensated for damages and lack of treatment.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff's claims against Inmate Murphy must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly

attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which the inmate's conduct could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim against Inmate Murphy.

With regard to the remainder of the Defendants, Plaintiff appears to be asserting that between the time of his surgery and the time that he was transferred to ICF, he was denied appropriate pain medication. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor

maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so

even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In this case, Plaintiff does not assert a complete denial of treatment, but only that the pain medication prescribed was inadequate and that prison staff expressed a lack of concern for Plaintiff. Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410, 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Moreover, the court notes that Plaintiff fails to allege any specific facts in support of his claims. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 3, 2013                              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE